Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JORGE RODRÍGUEZ VALENTÍN Y MUNA CONCEPCIÓN VEGA, POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Recurridos<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE CATAÑO, REPRESENTADO POR EL HON. JULIO ALICEA VASALLO; HON. JULIO ALICEA VASALLO, POR SÍ; Y A Y B<br><br>Peticionario | KLCE202301429 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso núm.: BY2023CV02953 consolidado con BY2023CV02954<br><br>Sobre: Sentencia Declaratoria; Orden de Cese y Desista Permanente |
| ERASTO PELATI NUÑEZ Y GRISELLE GONZÁLEZ CARMONA, POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Recurridos<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE CATAÑO, REPRESENTADO POR EL HON. JULIO ALICEA VASALLO; HON. JULIO ALICEA VASALLO, POR SÍ; Y A Y B<br><br>Peticionario | | |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez y la jueza Prats Palerm

**Figueroa Cabán, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de enero de 2024.

Número Identificador

RES2024_____

Comparecen el Municipio Autónomo de Cataño, Representado por el Hon. Julio Alicea Vasallo, en adelante el Municipio; el Hon. Julio Alicea Vasallo, por sí, en adelante el Alcalde; y otros, en conjunto los peticionarios. Solicitan que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Bayamón, en adelante TPI, mediante la cual denegó la *Solicitud de Desestimación* presentada por el Municipio.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari*.

-I-

El señor Jorge Rodríguez Valentín y la señora Muna Concepción Vega, en adelante el matrimonio Rodríguez Concepción,[1] Erasto Pelati Nuñez y Griselle González Carmona, en adelante el matrimonio Pelati González,[2] en conjunto los recurridos, presentaron dos demandas contra el Municipio, sobre sentencia declaratoria y orden de cese y desista de forma permanente. En síntesis, reclamaron que se declare la prolongación de la Calle San Alberto como calle sin salida y servidumbre de paso a su favor; se ordene al Alcalde del Municipio cesar de impedirles el uso de la calle y no construir una acera; y se restituya el cierre que existía en dicha prolongación.

Por contener alegaciones sobre hechos similares, súplicas idénticas y los mismos asuntos de derecho, el Municipio presentó una *Solicitud de Consolidación*[3] de ambas demandas, que el TPI declaró ha lugar[4].

---

[1] Apéndice de los peticionarios, págs. 4-18.
[2] *Id.*, págs. 19-34.
[3] *Id.*, págs. 39-45.
[4] *Id.*, pág. 139.

Posteriormente, los peticionarios presentaron una *Solicitud de Desestimación* en la que adujeron que los recurridos solicitaron una servidumbre de paso sobre la finca incorrecta y a las partes inadecuadas; que no están expuestos a un daño real inmediato y claro, porque sus alegaciones son infundadas e hipotéticas; y que fallan en articular alegaciones suficientes que justifiquen la concesión de los remedios solicitados.[5]

En desacuerdo, el matrimonio Rodríguez Concepción presentó una *Oposición a Solicitud de Desestimación* por entender que no cumple con los requisitos de la Regla 10.2(5) de Procedimiento Civil.[6] Además, reclamaron su derecho a presentar prueba y argumentaron que tienen una causa de acción que justifica la concesión de un remedio.

Con el beneficio de la comparecencia de ambas partes, el TPI declaró no ha lugar la moción de desestimación.[7]

Insatisfechos, los peticionarios presentaron una *Solicitud de Reconsideración* en la que reiteraron sus argumentos.[8]

A su vez, los recurridos presentaron su *Oposición a Solicitud de Reconsideración*.[9]

Por su parte, el Municipio presentó una *Réplica a Oposición a "Solicitud de Reconsideración"*.[10]

Nuevamente, tras evaluar las alegaciones de ambas partes, el TPI declaró no ha lugar la reconsideración sobre desestimación.[11]

---

[5] *Id.*, págs. 49-66.
[6] *Id.*, págs. 86-92.
[7] *Id.*, págs. 1-2.
[8] *Id.*, págs. 140-151.
[9] *Id.*, págs. 152-154.
[10] *Id.*, págs. 161-171.
[11] *Id.*, pág. 3.

Aun insatisfechos, los peticionarios presentaron un *Recurso de Certiorari* en el que invocan la comisión de los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE BAYAMÓN, AL ABUSAR DE SU DISCRECIÓN Y NO SEGUIR EL MANDATO DE LA REGLA 10.2 DE PROCEDIMIENTO CIVIL, AL NO ATENDER LA SOLICITUD DE DESESTIMACIÓN COMO UNA SOLICITUD DE SENTENCIA SUMARIA, Y CONSECUENTEMENTE, NO EMITIR DETERMINACIONES DE HECHOS Y DE DERECHO EN LA RESOLUCIÓN DENEGANDO LA MISMA, SEGÚN ORDENA LA REGLA 36.4 DE PROCEDIMIENTO CIVIL.

> ERRÓ Y ABUSÓ DE SU DISCRESIÓN EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE BAYAMÓN, AL NO DESESTIMAR LA DEMANDA DE EPÍGRAFE, SEGÚN CONSOLIDADA, AÚN CUANDO CARECE DE TODA ALEGACIÓN O HECHOS QUE AMERITEN LA CONCESIÓN DE UN REMEDIO POR SOLICITAR UNA SERVIDUMBRE DE PASO SOBRE UNAS FINCAS QUE NO ESTÁN ENCLAVADAS, Y EN LA CUAL SE ALEGAN DAÑOS ASBTRACTOS E HIPOTÉTICOS, EN VIOLACIÓN A LO QUE ESTABLECE LA REGLA 59 DE PROCEDIMIENTO CIVIL Y SU JURSIPRUDENCIA INTERPRETATIVA.

Los recurridos no presentaron su alegato en oposición a la expedición del auto de *certiorari*, en el término establecido en el Reglamento del Tribunal de Apelaciones. Por tal razón, el recurso está perfeccionado y listo para adjudicación.

-II-

A.

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de

rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[…].[12]

**1.**

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[13] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[14]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[12] Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.
[13] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).
[14] *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[15]

**B.**

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el demandante sin celebrar un juicio en su fondo.[16] Cónsono con dicho propósito, la Regla 10.2 de Procedimiento Civil permite a un demandado presentar una moción antes de presentar su contestación a la demanda, solicitando que se desestime la misma.[17] Específicamente, la Regla 10.2 reconoce varios supuestos bajo los cuales es posible solicitar una desestimación, a saber:

… (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable.[18]

Al solicitar la desestimación, "los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante".[19] En

---

[15] *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.
[16] Véase, R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta. Ed., Puerto Rico, *LexisNexis* (2017), sec. 3901, pág. 411; *Casillas Carrasquillo v. ELA*, 209 DPR 240, 247 (2022).
[17] Hernández Colón, *op. cit.*, sec. 2601, pág. 305; 32 LPRA Ap. V, R. 10.2; *Casillas Carrasquillo v. ELA*, *supra*.
[18] Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.
[19] *López García v. López García*, 200 DPR 50, 69 (2018); *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016); *Rivera*

consecuencia, nuestro ordenamiento procesal civil permite al demandado solicitar la desestimación de la reclamación cuando de las alegaciones de la demanda es evidente que alguna de las defensas afirmativas prosperará.[20]

Finalmente, ante una solicitud de desestimación, el tribunal deberá identificar los elementos que establecen la causa de acción y las meras alegaciones concluyentes que no pueden presumirse como ciertas.[21] Así pues, para prevalecer, el demandado deberá probar que el demandante no tiene derecho a remedio alguno, aun interpretando la demanda de la manera más liberal a su favor.[22]

**-III-**

Por tratarse de la denegatoria de una moción dispositiva, debemos atender el recurso ante nuestra consideración. Veamos.

Los peticionarios aducen, que contrario a las Reglas 10.2 y 36.4 de Procedimiento Civil, el TPI no incluyó determinaciones de hecho y derecho, admitió hechos impertinentes y acogió alegaciones concluyentes. Del mismo modo, arguyen que los derechos de acceso y disfrute de los recurridos sobre su propiedad no se han afectado, modificado o alterado. En su opinión, estos no pueden establecer que adquirieron la servidumbre sobre la prolongación de la Calle San Alberto por

---

*Sanfeliz v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015). Véase, además, *Eagle Security Police, Inc. v. Efrón Dorado*, 2023 TSPR 5, 211 DPR __ (2023).
[20] *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043 (2020); *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 701 (2012).
[21] Véase, Hernández Colón, *op. cit.*, sec. 2604, pág. 307; *Ashcroft v. Iqbal*, 556 US 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 US 544 (2007).
[22] *López García v. López García*, *supra*; *SLG Sierra v. Rodríguez*, 163 DPR 738, 746 (2005). Véase, además, *Cobra Acquisitions, LLC v. Mun. Yabucoa*, 210 DPR 384, 396 (2022).

prescripción, porque no han alegado la fecha desde que existe la servidumbre de paso.

Ahora bien, luego de examinar atentamente el expediente, consideramos que tanto el remedio como la disposición de la resolución recurrida son conformes al derecho procesal vigente. Regla 40(A) del Reglamento del Tribunal de Apelaciones, *supra*. Además, la etapa procesal en que se presenta el caso no es la más propicia para su consideración. Regla 40(E) del Reglamento del Tribunal de Apelaciones, *supra*.

Finalmente, no existe ningún otro fundamento al amparo de la Regla 40 de nuestro reglamento, *supra*, que justifique la expedición del auto.

**-IV-**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones